IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SYLENTHIA LETHA DEMERITT,

    Plaintiff,

v.                                        CASE NO. 5:16-cv-126-MW-GRJ

CITY OF PANAMA CITY BEACH
POLICE DEP'T, et al.,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff initiated this case on April 29, 2016, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Upon review, the Court identified several deficiencies and directed Plaintiff to file by August 8, 2016, an amended complaint and completed summonses for the named Defendants in her amended complaint . (ECF No. 3.)

By October 25, 2016, Plaintiff had not filed her amended complaint or completed summonses. Accordingly, the Court ordered Plaintiff to show cause by November 14, 2016, as to why this cause should not be dismissed for failure to comply with an order from the Court and for failure to prosecute. (ECF No. 4.)

On November 14, 2016, Plaintiff filed a response explaining why she

was unable to meet the Court's August 8, 2016 deadline and requesting an extension of time. (ECF No. 5.) The Court granted Plaintiff's request for an extension of time and ordered her to file her amended complaint and summonses by December 19, 2016. (ECF No. 6.) The Court warned Plaintiff that failure to do so within the time allotted, or failure to show cause as to why she was unable to do so, would result in a recommendation to the district judge that her case be dismissed for failure to comply with an Order from the Court and for failure to prosecute. (*Id.*)

By February 1, 2017, however, Plaintiff had not yet filed her amended complaint or summonses. The Court therefore ordered Plaintiff to show cause by February 21, 2017, as to why her case should not be dismissed for failure to comply with an Order from the Court and for failure to prosecute. (ECF No. 7.) The Court again warned Plaintiff that failure to do so within the time allotted, or failure to show cause as to why she was unable to do so, would result in a recommendation to the district judge that her case be dismissed for failure to comply with an Order from the Court and for failure to prosecute. (*Id.*) As of the date of this report and recommendation, however, Plaintiff has made no further filings in this case.

A district court has the inherent authority to manage its own docket

"to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 (1991). The Court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. East Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).

Plaintiff has failed to respond to the Court's Orders and has failed to file an amended complaint and summonses. This case is therefore due to be dismissed for failure to prosecute and failure to comply with an order of the Court.

Accordingly, it is respectfully **RECOMMENDED** that this case should be dismissed for failure to prosecute and failure to comply with an order of the Court, and the case should be closed.

**IN CHAMBERS** this 10th day of March, 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

*Page 4 of 4*

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**